FABRICIANO DÍAZ ET UX., Appellants *v.* REGISTRAR OF PROPERTY OF SAN JUAN (SECOND SECTION), Respondent.

No. 1234. Submitted January 10, 1949.—Decided February 10, 1949.

*Carlos D. Vázquez* and *Arnaldo P. Cabrera* for petitioners. The Registrar did not appear.

MR. JUSTICE TODD, JR., delivered the opinion of the Court.

To secure the effectiveness of the judgment that might be rendered in an action for the recovery of money brought by Fabriciano Díaz and his wife Carmen Rodríguez against Tiburcio Pagán, the District Court of San Juan issued a writ of attachment on defendant's property and directed the clerk to issue an order of attachment to the Registrar of Property of San Juan, Second Section, on the following property of the defendant:

"A. A one and one-half story frame house, with zinc and asphalt paper roofing, having a porch, at 14 Mira Flores Street, 16 feet in front by 34 feet deep with a concrete fence in front.

"B. A frame house with a shed roof, at the rear of the frame house described above, having asphalt paper roofing, measuring 7 feet in front by 12 feet deep.

"Both houses are situated in Mira Flores Street of Santurce, South, San Juan, Puerto Rico, on land belonging to the People of Puerto Rico and they are bounded on the north by Ramón Toledo, on the south by Mira Flores, on the east by Lorenzo Trinidad and on the west by Juan Torres."

The clerk stated in the order that the property attached did not appear recorded in the registry of property in favor of the defendant nor of any other person.

Upon presenting it to the registry on March 10, 1948, the Registrar recorded the attachment thus:

"This attachment is entered at folios 102 and 108 of Volume 124 of Santurce South, property Nos. 4451 and 4452, entries A, with the curable defects that the properties are not recorded in the name of the defendant and that no copy of the complaint is either attached thereto or inserted therein. San Juan, March 10, 1948."

On April 21, 1948, the Registrar, without the intervention of the parties, corrected the former note as follows:

"Record of the attachment to which this document refers is hereby denied because the lot on which the house attached is situated has not been identified and even if it were, it does not appear that the owner of the lot has given his consent to build therein, a cautionary notice being entered instead for the statutory term. . ."

To review this decision the present administrative appeal has been taken. Since several changes have taken place in the office of Registrar in the Second Section of the Registry of Property of San Juan, we have not had the benefit of a brief supporting the note appealed from, even though the acting registrar sought an extension, which we granted, to file his brief.

██ Section 254 of the Mortgage Law empowers the registrars, on their own responsibility, to correct certain material errors committed; § 255 specifies which material errors may not be corrected by the registrars without the consent of the interested party or without a judicial order and § 256 provides that the errors of construction, committed in records, cautionary notices or cancellations, or in other records relating thereto, when they do not clearly appear therefrom, shall not be corrected without the unanimous consent of all the interested parties and of the registrar, or with-

out a judicial order to that effect. Section 259 [1] defines a material error and 260 [2] what is meant by error of construction.

The correction made by the Registrar in the present case refusing to enter the attachment ordered by the court after he had previously recorded it, cannot be considered as the correction of a material error which he could do himself and on his own responsibility, pursuant to § 259, *supra*. Nor is it an error of construction under § 260, *supra*, subject to correction even with the consent of the interested party. See *Dávila* v. *Registrar of Caguas*, 28 P.R.R. 183 and *García* v. *Registrar of Ponce*, 33 P.R.R. 911.

The entry of attachment ordered by the court created a legal status in the registry which could not be cancelled or annulled by means of an amendatory note denying the entry, *García* v. *Registrar of Ponce, supra;* inasmuch as, according to paragraph three of § 82 of the Mortgage Law: "Records or entries made under a court order may be canceled only by virtue of final orders of the character mentioned in the first paragraph of this article."

Although appellant in his brief discusses the errors which in his opinion were committed by the Registrar in refusing to make the record, we need not pass upon them for since we have reached the conclusion that he lacked the authority to correct the original record, the Registrar's note should be reversed on that ground alone.

---

[1] Section 259.—For the purposes of the foregoing articles, a material error shall be considered to have been committed, when without any known intention, some words are written in lieu of others, when the expression of some circumstance the absence of which does not cause the nullity of the records is omitted, or when mistakes are made in surnames or amounts when copied from the deed, without thereby changing the general meeting of the record or any of its terms.

[2] Section 260.—It shall be understood that an error of construction has been committed when in setting forth in the record the terms of the deed, their meaning is altered or changed, without such fault necessarily producing the nullity thereof, in accordance with the provisions of article 30.

The note correcting the entry of attachment made by the Registrar on April 21, 1948 should be reversed and the original record of March 10, 1948 should be sustained.